```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division

ZAHEER D. NAMMARI            )
                             )
     Plaintiff,              )
                             )
          v.                 )    1:08cv134 (JCC/TCB)
                             )
GRYPHUS ENTERPRISES LLC,     )
     et al.,                 )
                             )
     Defendants.             )
                             )
                             )
MICHAEL T. WALSH             )
                             )
     Counterplaintiff,       )
                             )
          v.                 )
                             )
ZAHEER D. NAMMARI            )
                             )
     Counterdefendant.       )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiffs' Motion to Dismiss Defendant's Counterclaims. For the following reasons, this motion will be denied.

### **I. Background**

This case arises out of an employment dispute between Plaintiff Zaheer Nammari ("Mr. Nammari") and his former employer, Gryphus Enterprises LLC ("Gryphus"), along with its chief executive officer, Michael Walsh ("Mr. Walsh") (collectively, "Defendants"). In his complaint, filed February 14, 2008, Mr.

Nammari alleges that his termination by Defendants violated the Fair Labor Standards Act and ERISA.  Mr. Walsh has filed counterclaims for defamation, alleging that, following his termination on or about October 26, 2007, Mr. Nammari sent several emails to Gryphus employees containing defamatory statements about Mr. Walsh.

On March 31, 2008, Plaintiff/Counterdefendant Mr. Nammari field a Motion to Dismiss Defendant's Counterclaims. Defendant/Counterplaintiff Mr. Walsh replied on April 11, 2008. This Motion is before the Court.

## II. Standard of Review

If a party's "counterclaim is compulsory, it is within the ancillary jurisdiction of the court to entertain and no independent basis of federal jurisdiction is required. If the counterclaim is permissive, however, it must have its own independent jurisdictional base." *Painter v. Harvey*, 863 F.2d 329, 331 (4th Cir. Va. 1988)(citing 6 C. Wright & A. Miller, Federal Practice and Procedure § 1409 (1971 and 1988 Supp.).  A district court's determination of whether a counterclaim is compulsory or permissive is reviewed de novo. *Peter Farrell Supercars, Inc. v. Monsen*, 82 Fed. Appx. 293, 298 (4th Cir. 2003).

## III. Analysis

Plaintiff Mr. Nammari argues that Counterplaintiff Mr.

Walsh's counterclaims should be dismissed for lack of jurisdiction.  Federal Rule of Civil Procedure 13(a) requires a party to "state as a counterclaim any claim that--at the time of its service--the pleader has against an opposing party if the claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."  Fed. R. Civ. P. 13(a).  If, in accordance with this rule, "a counterclaim is compulsory, a district court requires no independent jurisdictional basis to entertain it."  *Peter Farrell,* 82 Fed. Appx. at 298.  If, however, the counterclaim is permissive -- defined by Federal Rule 13(b) as "any claim that is not compulsory" -- the claim "must be dismissed since it lacks an independent jurisdictional basis."  Fed. R. Civ. P. 13(b); *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 86 F.R.D. 694, 695 (E.D. N.C. 1980)(citing 6 Wright and Miller, Federal Practice and Procedure § 1409 (1971); 3 Moore's Federal Practice, PP 13.15(1); 13.19(1) (1979)).

> The Fourth Circuit has laid out four inquiries that help in determining whether a counterclaim is compulsory: (1) Are the issues of fact and law raised in the claim and counterclaim largely the same? (2) Would res judicata bar a subsequent suit on the party's counterclaim, absent the compulsory counterclaim rule? (3) Will substantially the same evidence support or refute the claim as well as the counterclaim? and (4) Is there any logical relationship between the claim and counterclaim?

*Peter Farell*, 82 Fed. Appx. at 298 (citing *Sue & Sam Mfg. Co. v. B-L-S Const. Co.*, 538 F.2d 1048, 1051-1053 (4th Cir. 1976))). "A court need not answer all these questions in the affirmative for the counterclaim to be compulsory. Rather, the tests are less a litmus, more a guideline." *Painter*, 863 F.2d at 331 (citing *Sue & Sam*, 538 F.2d at 1053; *Hospital Bldg.*, 86 F.R.D. at 696). In situations where "the same evidence will support or refute both the claim and counterclaim, the counterclaim will almost always be compulsory." *Id*. at 332.

Mr. Walsh's counterclaims are defamation claims sounding in tort law. Mr. Nammari asserts that since they arose after employment ended, the counterclaims are unrelated to the claims in the original suit, and that none of the Fourth Circuit's proposed questions regarding their compulsory status can be answered in the affirmative. Mr. Walsh disagrees, arguing that his counterclaims are analogous to those in *Painter*. In that case, the Fourth Circuit considered a counterclaim for allegedly defamatory statements made months after the incident from which the original claim arose. *Id.* at 331. The Court upheld the district court's finding that the counterclaim was compulsory, in large part because "[t]he claim and counterclaim both involved witness testimony directed toward the same critical event." *Id*.

Under Virginia law, "the elements of common law

-4-

defamation are the '(1) publication of (2) an actionable statement with (3) the requisite intent.'" *Schnare v. Ziessow*, 104 Fed. Appx. 847, 850-851 (4th Cir. 2004)(quoting *VirginiaChapin v. Knight-Ridder, Inc.*, 993 F.2d 1087, 1092 (4th Cir. 1993)). Actionable statements are those which "contain[] a false assertion of fact that 'tend[] so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him.'" *Id*. "True statements do not support a cause of action for defamation." *Jordan v. Kollman*, 612 S.E.2d 203, 206 (Va. 2005)(citing *American Communications Network, Inc. v. Williams*, 568 S.E. 2d 683, 684 (2002)).

   The alleged defamation in Mr. Nammari's emails is composed of statements accusing Mr. Walsh of improperly discharging him from employment, being untruthful regarding Mr. Nammari, and, in so doing, acting in an unprofessional manner. In the original complaint, Mr. Nammari alleges that Defendants "terminated his employment in an effort to interfere with Plaintiff's rights to benefits . . . and in retaliation" for his request to receive benefits. Compl. ¶ 17. Both the plaintiff's and the counterplaintiff's success in their claims depend on a determination of the truth of Mr. Nammari's assertions regarding his termination. Any truthful statements in his emails regarding the circumstances of his termination cannot support a cause of

action for defamation.

As the Fourth Circuit held in *Painter*, "[w]here . .. the same evidence will support or refute both the claim and counterclaim, the counterclaim will almost always be compulsory." 863 F.2d at 332.  There is an obvious logical relationship between the claims and counterclaims, and similar issues of fact raised in both.  Although the legal standard for defamation is dissimilar from that for the FLSA and ERISA claims, the question of the lawfulness of Mr. Nammari's termination undergirds both the claim and counterclaim.  The Court therefore finds that it can answer the first, third, and fourth inquiries of the Fourth Circuit's litmus test for compulsory counterclaims in the affirmative.

Although res judicata would be unlikely to bar Mr. Walsh's counterclaims in state court, he may well face an issue preclusion bar preventing relitigation of the facts held in common by the claim and counterclaim.  This second question of the counterclaim test cannot be answered in the affirmative.  However, the Fourth Circuit has held that "the res judicata test cannot be the controlling one" in determining whether a counterclaim is compulsory.  *Id.* at 333.  Instead, "evidentiary similarity is the most important inquiry."  *Peter Farrell*, 82 Fed. Appx. at 299.  For that reason "and because there is both evidentiary similarity and a logical relationship between

[Plaintiff's] original claims and [the] counterclaims," the Court concludes that the counterclaims are compulsory within the meaning of Rule 13(a).  *Id.*

### IV. Conclusion

For the foregoing reasons, Plaintiff's Motion to Dismiss Counterclaim will be DENIED.

An appropriate Order will issue.

May 12, 2008                              /s/
Alexandria, Virginia              James C. Cacheris
                          UNITED STATES DISTRICT COURT JUDGE